IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| DESHAWN SMITH, | ) |
| Petitioner, | ) |
| v. | ) Case No.2: 22-cv-04002-SRB |
| DORIS FALKENRATH, | ) |
| Respondent. | ) |

**ORDER**

Before the Court is Petitioner's First Amended Petition for a Writ of Habeas Corpus. (Doc. #10.) Upon review, the petition is DENIED, a certificate of appealability is DENIED, and these claims are DISMISSED.[1]

## I.   BACKGROUND

Petitioner challenges his 2016 conviction and sentence for one count of robbery in the first degree, one count of attempted robbery in the first degree, and one count of armed criminal action. Following a jury trial, Petitioner was found guilty and sentenced to twenty years imprisonment. The Missouri Court of Appeals, Western District, ("court of appeals") affirmed Petitioner's conviction and sentence on direct appeal. Petitioner's motion for post-conviction relief was denied following an evidentiary hearing, and that denial was affirmed on appeal.

The Court defers to and adopts the following facts set forth by the court of appeals:[2]

---

[1] This Court finds the Petition was filed in a timely manner.

[2] Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. *Graham v. Solem*, 728 F.2d 1533, 1540 (8th Cir. en banc), *cert. denied*, 469 U.S. 842 (1984). It is Petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254(e)(1). The state court's findings of fact have fair support in the record and Petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous.

In the early morning hours of July 21, 2014, Smith attempted to rob a Motel 6 in Columbia at gunpoint, but the employees told him they had no cash on hand. Smith left, and the employees called the police. The attempted robbery was captured on surveillance video. While the police were interviewing the Motel 6 employees, Smith robbed a Phillips 66 FastLane in Columbia at gunpoint. The FastLane clerk gave Smith approximately $97, including 20 one-dollar bills that were paper-clipped together. The robbery was recorded on surveillance video. After Smith left the building, the clerk saw the direction that Smith was headed and called the police.

Shortly thereafter, officers located Smith's car and activated their emergency lights to initiate a traffic stop. Smith did not stop, however, and a chase ensued, during which Smith threw lottery tickets out of his car. Eventually, Smith drove his car out of a parking lot and down a hill into a fence in the backyard of a house. He then got out of his car, jumped over the fence, and fled on foot to the front of the house. As Smith ran, he removed the hooded sweatshirt he was wearing and threw it in the yard. The police apprehended Smith. During a search incident to Smith's arrest, officers found $97 in cash in his pockets, including 20 one-dollar bills that were paper-clipped together. Officers found Smith's gun, a .22 semi-automatic pistol, in the bushes of the home where Smith stopped his car. Just outside of Smith's car, officers found a pink paisley-print bandanna, a ball cap, and sunglasses, all of which were items, along with the hooded sweatshirt, that the victims reported the perpetrator was wearing at the time of the crimes. When officers later searched Smith's pants, a .22 caliber round fell out of his pants pocket.

The State charged Smith, as a persistent felony offender, with attempted robbery, first-degree robbery, and armed criminal action. A jury trial was held. The jury found him guilty, and the court ordered him to serve concurrent sentences of 10 years in prison for attempted robbery, 20 years in prison for first degree robbery, and 10 years in prison for armed criminal action. We affirmed his convictions and sentences on direct appeal in a per curiam order. *State v. Smith*, 543 S.W.3d 673 (Mo. App. 2018).

Smith filed a *pro se* Rule 29.15 motion, which was later amended by appointed counsel. One of the claims in his amended motion was that his trial counsel was ineffective for failing to object to the dash-cam video of the car chase on the basis that it was prejudicial evidence of uncharged misconduct, namely, resisting arrest by flight. He asserted that, if his trial counsel had objected on this basis,

the video would have been excluded, and there is a reasonable probability that the outcome of his trial would have been different.

An evidentiary hearing was held. With regard to this claim, Smith's trial counsel testified during the hearing that it "did not occur" to him to object on the basis that the video was evidence of uncharged misconduct. The motion court denied Smith's Rule 29.15 motion.

(Doc. #14 -20, p. 3-5.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA), a decision by a state court "with respect to any claim that was adjudicated on the merits in State court proceedings" is entitled to deference by the federal courts. *Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004). Courts look to see if those state court proceedings:

> 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States' or 'resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

*Id*.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995). "State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" before presenting those issues in an application for habeas relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." *Sloan*, 54 F.3d at 1381.

3

## III. DISCUSSION

Petitioner raises the following four grounds for relief: (1) ineffective assistance of counsel based on trial counsel's conduct during voir dire; (2) ineffective assistance of counsel based on trial counsel's failure to review the entirety of the discovery; (3) ineffective assistance of counsel based on trial counsel's failure to object to the State's admission of the dash cam video of the car chase; and (4) ineffective assistance of counsel based on trial counsel's failure to request a mistrial. The parties' arguments regarding each ground are addressed separately below.

### A. Grounds One, Two, and Four

As a threshold matter, the Court finds that Counts One, Two, and Four are procedurally defaulted.

"If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." *Sloan*, 54 F.3d at 1381. "Where a claim is defaulted, a federal habeas court will consider it only if the petitioner can establish either cause for the default and actual prejudice, or that failure to consider the claim will result in a fundamental miscarriage of justice." *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006). "This exception requires a habeas petitioner to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Id*.

Petitioner failed to assert Grounds One, Two, and Four in his post-conviction proceedings. To obtain habeas relief, in addition to succeeding on their merits, Petitioner must also show cause for the default and actual prejudice, or that a failure to consider each ground will result in a fundamental miscarriage of justice.

4

### 1. Ground One

In Ground One, Petitioner argues that trial counsel was ineffective in failing to move to strike for cause Jurors 2 and 21, and, if unsuccessful, using a peremptory strike to remove these venirepersons from the jury panel. Respondent asserts Petitioner failed to assert this claim in his post-conviction proceedings and the claim is procedurally barred in addition to being without merit.

Petitioner has failed to overcome the procedural bar because he has not demonstrated there was cause, prejudice, or that the comments made by the jurors would result in a fundamental miscarriage of justice. During voir dire, Petitioner's counsel asked potential jurors if they would have issues obeying an instruction to hold no negative inferences against the Petitioner for utilizing his right to remain silent during trial. When asked, Juror 21 responded with "No, I'd probably weigh it." (Doc. #14-12, p. 76.) When asked the same question, Juror 2 mentioned he "definitely would have an opinion." (Doc. #14-12, p. 75.) Petitioner claims these comments were so detrimental as to cause a structural error that would result in fundamental unfairness. However, Juror 2 went on to state three times that he could follow an instruction not to draw a negative inference from the defendant not testifying, the last time saying "absolutely." (Doc. #14-12, p. 75.) Juror 21 answered in the negative when asked if she would be prevented from following the jury instruction. Neither the comments by Juror 2 nor Juror 21 demonstrate affirmatively demonstrates that Petitioner is innocent. As a result, Ground One is procedurally defaulted and is denied.

### 2. Ground Two

In Ground Two, Petitioner argues that trial counsel was ineffective in failing to review the entirety of the discovery with petitioner in order to allow petitioner to fully consider the state's plea offer. Respondent asserts the rejection of this claim by the state post-conviction

5

motion court after an evidentiary hearing is entitled to deference under AEDPA and that the Petitioner defaulted the claim in the appeal of denial of the post-conviction relief motion.

"The Due Process Clause does not permit the federal courts to engage in finely tuned review of state evidentiary rules." *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Marshall v. Lonberger*, 459 U.S. 422, 438 (1983)). Here, the post-conviction court found trial counsel's testimony that he provided the discovery and reviewed the discovery extensively with the Petitioner to be credible and found the Petitioner's claim to the contrary to be unpersuasive. The court of appeals said that Petitioner's "testimony that he 'probably' would have pled guilty had counsel acted differently demonstrates [Petitioner's] failure to meet his burden to prove he was prejudiced by counsel's alleged deficient performance . . . [Petitioner] failed to prove that there is a reasonable probability that the outcome . . . would have been different." (Doc. #14-18, p. 17.) This Court agrees and will not engage in a finely tuned review of the state court's adjudication of Missouri's evidentiary rules. Further, Petitioner has not presented any evidence that failure to consider this claim will result in a fundamental miscarriage of justice. Ground Two is denied.

### 3. Ground Four

In Ground Four, Petitioner argues that trial counsel was ineffective in failing to request a mistrial after the State played a 911 call from Kashis Kahn, who did not testify at trial. Petitioner claims that, but for trial counsel's deficient performance, there is a reasonable probability that the petitioner would not have been convicted. Respondent asserts that claim is barred and without legal merit.

Here, Petitioner makes no argument or excuse as to why appellate counsel failed to assert this claim during the post-conviction proceedings nor the post-conviction appeal. Further, the record shows that counsel for the Petitioner considered asking for a mistrial, but decided not to do so. Counsel directed the jury to be instructed not to consider the statements of the non-

testifying clerk. Counsel's strategic decision to not call for a mistrial did not create a situation in which a fundamental miscarriage of justice occurred. Even though Kashis Kahn did not testify, the State introduced other evidence connecting the 911 call to Petitioner. For example, the 911 call referenced a pink bandana. The State called an officer who claimed to have found the pink bandana outside of Petitioner's case. Because Petitioner has not shown that counsel's failure to seek a mistrial was a fundamental miscarriage of justice, Ground Four is denied.

### B. Ground Three

In Ground Three, Petitioner argues that trial counsel was ineffective in failing to object to the admission of the car chase video of Petitioner fleeing from police on the basis that the video showed "irrelevant, prejudicial evidence of uncharged acts." (Doc. #10, p. 24.) Respondent asserts that the court of appeals rejected this claim and its decision to do so is entitled to deference.

"A federal court may not re-examine a state court's interpretation and application of state law." *Skillicorn v. Luebbers*, 475 F.3d 965, 974 (8th Cir. 2007) (citing *Schleeper v. Groose*, 36 F.3d 735, 737 (8th Cir.1994)). "A court considering a claim of ineffective assistance of counsel must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (citing *Strickland v. Washington*, 466 U.S. 668, 669 (1984)). "Failure to raise a meritless objection cannot support a claim of ineffective assistance." *Sittner v. Bowersox*, 969 F.3d 846, 853 (8th Cir. 2020).

Here, Petitioner fails to overcome the presumption that counsel's representation was not within the 'wide range' of reasonable professional assistance. In relying on Missouri law, the court of appeals found that any "objection to the dash-cam video of the car chase on the basis that it was improper evidence of uncharged misconduct would not have been meritorious."

7

(Doc. #14-20, p. 7.) The dash cam video in which Petitioner was attempting to avoid arrest demonstrated his consciousness of guilt. Also, this evidence was admissible because it helped present a complete picture of the events that transpired around the crime. This Court may not grant a writ of habeas corpus with respect to any issue decided by the Missouri state courts unless the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court." 28 U.S.C. § 2254(d). Neither of these necessary conditions were met here. Ground Three is denied.

## IV. Conclusion

For the foregoing reasons, it is **ORDERED** that Grounds One through Four of Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 are **DENIED**, a certificate of appealability is **DENIED** as to Grounds One through Four, and these claims are **DISMISSED**.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough  
STEPHEN R. BOUGH  
UNITED STATES DISTRICT JUDGE

Dated: September 26, 2022